ORDERED.

Dated: October 11, 2010

*Eileen W. Hollowell* (signature)

EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

Kathryn L. Johnson (#19150)
Law Office of Kathryn L. Johnson, PLC
2 E. Congress Street, Suite 900
Tucson, AZ 85701
(520) 743-2257; (520) 743-2231 facsimile

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In Re:

RHONDA BROWN,
CYRUS BROWN,

Debtors.

In Proceedings Under Chapter 13

Case No. 4:09-bk-22557-EWH

STIPULATED ORDER CONFIRMING
CHAPTER 13 PLAN AND APPROVAL
OF ATTORNEYS FEES

The Plan having been properly noticed out to creditors and no objections having been filed,

IT IS ORDERED Confirming the Plan of Debtor as follows:

1. **INCOME SUBMITTED TO THE PLAN:** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    A. <u>FUTURE EARNINGS OR INCOME</u>:

    Debtor shall make the following monthly Plan Payments:

    | MONTHS | PAYMENTS |
    |---|---|
    | 1-56 | $2,309.72 starting 10/09 |

    This amount includes the regular monthly post-petition payments

in the amount of $1,581.00 to American Home Mortgage Servicing as well as the trustee's fees on this amount of $158.10 (subject to change as the post-petition mortgage payment changes) and the regular monthly plan payment of $570.62 per month.

The payments are due on or before the 14th day of each month, commencing 10/14/09.

Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The debtor shall provide directly to the Trustee copies of his federal and state income tax returns for the years 2009, 2010, 2011, 2012 and 2013 within 30 days of filing. The purpose is to assist the Trustee in determining any change in the debtor's annual disposable income.

    B.    OTHER PROPERTY:

In the event that other property is submitted, it shall be treated as supplemental payments. In no event shall the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2.    **DURATION OF THE PLAN**:

The Plan shall continue for 56 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of this period all allowed claims are paid, the Plan will terminate.

3.    **CLASSIFICATION AND TREATMENT OF CLAIMS.**

    A.    ADMINISTRATIVE EXPENSES.

The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C.

§586(e), but not to exceed 10%.

<u>Attorney Fees:</u>

The Debtor's counsel will be paid an administrative expense of $2,200.00 from the Trustee prior to any other claims being paid.

B. <u>CLAIMS SECURED BY REAL PROPERTY.</u>

American Home Mortgage Servicing, secured by real property located at 14178 N. Forthcamp Court, Oro Valley, AZ 85755, shall be paid $5,323.55 for arrears through the Chapter 13 Plan pursuant to its proof of claim filed 1/11/10 and signature below. The Chapter 13 trustee will also make the regular post-petition monthly mortgage payments to American Home Mortgage Servicing in the amount of $1,581.00 per month until the Plan is done. If claim is paid in full prior to plan completion, creditor shall release its security interest in the property described above.

Pima County will be paid a total of $2,364.93 plus 16% interest per annum over the life of the plan for its property tax claim secured by property located at 14178 N. Forthcamp Court, Oro Valley, AZ 85755. This claim is for property taxes owed for 2008 and 2009. [handwritten: $1269.45 = 2008 taxes; $1095.48 = 2009 taxes]

Sun City Vistoso Community Association will be paid a total of $~~1,516.73~~ [handwritten: 1535.46] over the life of the plan for their claim secured by Homeowner's Association fees on the property located at 14178 N. Forthcamp Court, Oro Valley, AZ 85755.

C. <u>CLAIMS SECURED BY PERSONAL PROPERTY.</u>

ABC Finance, secured by a 2003 Acura CL 3.2 Type S Coupe, shall be paid $10,499.00 plus 6% interest per annum pursuant to its proof of claim filed 10/2/09. ABC Finance shall be paid pro rata as a secured creditor until the claim is paid in full. If claim is paid in full prior to plan completion, creditor shall release its security interest in the property

described above. ABC Finance shall receive adequate protection payments in the amount of $104.99 per month beginning with the first monthly payment due under the Plan. Adequate protection payments shall cease when ABC Finance begins receiving regular disbursements under the Plan.

D. PRIORITY CLAIMS.

The Internal Revenue Service shall be paid $1,635.70 throughout the Chapter 13 Plan for its priority claim regarding personal income taxes for 2008, as per their claim filed 1/21/10. The remaining $29.14 in the filed Proof of Claim is listed as unsecured non-priority debt and as such will be paid pro-rata along with all other unsecured non-priority claims.

E. PROPERTY TO BE SURRENDERED.

Debtors have surrendered a 2002 Toyota Celica back to CitiFinancial Auto in full satisfaction of their debt.

F. UNSECURED CLAIMS:

Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328(A).

4. The plan and this Order shall not constitute an informal proof of claim for any creditor.

5. By executing below, Debtors hereby certify that they are current on all tax return filings and domestic support orders, if applicable, per the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

6. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the order. Property of the estate shall vest in the Debtor herewith.

APPROVED AS TO FORM AND CONTENT:

/s/ Cyrus Harris Brown
Cyrus Harris Brown, Debtor

3/30/10
Date

/s/Rhonda Dawn Brown
Rhonda Dawn Brown, Debtor

3/30/10
Date

/s/ Kathryn Johnson
Attorney for Debtor

3/30/10
Date

_____
Dianne C. Kerns
Chapter 13 Trustee

9/24/10
Date

_____
Kevin Hahn
Attorney for American Home Mortgage Servicing

_____
Date

_____
Troy E. Larkin
Attorney for Pima County

4/1/10
Date

APPROVED AS TO FORM AND CONTENT:

/s/ Cyrus Harris Brown
Cyrus Harris Brown, Debtor

3/30/10
Date

/s/Rhonda Dawn Brown
Antonia Q. Hughes, Debtor

3/30/10
Date

/s/ Kathryn Johnson
Attorney for Debtor

3/30/10
Date

_____
Dianne C. Kerns
Chapter 13 Trustee

_____
Date

_____
Kevin Hahn
Attorney for American Home Mortgage Servicing

_____
Date

Troy E. Larkin
Attorney for Pima County

_____
Date

# LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): Cyrus Harris Brown / Rhonda Dawn Brown  
Case No.: 4:09-bk-22557  
Date: April 20, 2010  
Prior: Chapter 7 ( X )  Chapter 13 ( )

## TOTAL DEBT AND ADMINISTRATE EXPENSES PROVIDED FOR BY THE PLAN

| | | |
|---|---|---|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ 2,200.00 |
| B. | PRIORITY CLAIMS | $ 1,635.70 |
| | 1. Taxes | $ 1,635.70 |
| | 2. Other | $ 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ 6,840.28 |
| D. | PAYMENTS ON SECURED CLAIMS | $ 103,977.25 |
| E. | PAYMENTS ON OTHER CLASS | $ 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ 1,756.77 |
| G. | SUB-TOTAL | $ 116,410.00 |
| H. | TRUSTEE'S COMPENSATION ( 10 % of debtor's payments) | $ 12,934.32 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ 129,344.32 |

## RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | $ 1,951.04 |
| | 2. Value of property recoverable under avoiding powers | $ 0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ 0.00 |
| | 4. Less: Priority claims | $ 1,635.70 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ 315.34 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ 1,756.77 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.